| | |
|---|---|
| MICHELLE RENEE MCGRATH and VERONICA O'BOY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WYNDHAM RESORT DEVELOPMENT CORPORATION, an Oregon corporation; WYNDHAM VACATION OWNERSHIP, INC., a Delaware corporation; WYNDHAM VACATION RESORTS, INC., a Delaware corporation; WYNDHAM WORLDWIDE OPERATIONS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 15cv1631 JM (KSC)<br><br>**ORDER DENYING MOTION TO OPT OUT** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Class member James Shannon Abbott ("Abbott") moves the court to opt out of the class action settlement in this case. (Doc. No. 83.) Defendants Wyndham Resort Development Corporation, Wyndham Vacation Ownership, Inc., and Wyndham Worldwide Operations, Inc. (collectively, "Defendants" or "Wyndham") object.

(Doc. No. 88.) For the following reasons, the court denies Abbott's motion.

## BACKGROUND

Abbott works at Wyndham Oceanside Pier in Oceanside, California. During the class period, Abbott worked 204 weeks. Under the Settlement Agreement, (Doc. No. 73), Abbott would receive an estimated $11,515.89. The terms of the Settlement Agreement required eligible class members to request exclusion from the class by November 13, 2017. Abbott submitted notice of his request to opt out on December 6, 2017, twenty-three days after the deadline had passed. (Doc. No. 83, Exh. 1.) On January 16, 2018, six days before the final settlement approval hearing, Abbott filed the instant pro se motion.

## LEGAL STANDARDS

Abbott seeks to opt out of the class in this action, despite his untimely request to do so, based on excusable neglect under Federal Rules of Civil Procedure 6(b) and 60(b). Under Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Under Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect."

Courts apply the excusable neglect standard to determine whether to permit a class member to opt out after the court-ordered deadline has passed. In re Lithium Ion Batteries Antitrust Litig., 2017 WL 6497597, at *1 (N.D. Cal. Dec. 19, 2017). Courts use the following Pioneer factors to determine whether excusable neglect exists: (1) the danger of prejudice to nonmoving parties; (2) the length of delay in seeking relief; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Denial of a motion to opt out of a class is reviewed for abuse of discretion. Silber v. Mabon, 18 F.3d 1449, 1453 (9th Cir. 1994).

///

///

# DISCUSSION

Abbott argues that Wyndham is in no way prejudiced by the twenty-three day delay in submitting his request for exclusion. However, after November 13, 2017, it would have been reasonable for Wyndham to understand that all excluded class members had been identified. Furthermore, the court granted final approval of the Settlement Agreement, (Doc. Nos. 85, 91), giving Wyndham a finality interest.

As for the length of his delay, Abbott argues that it "has no effect whatsoever on this proceeding and has zero impact on the class settlement." (Doc. No. 83 at 5.) Abbott submitted his request for exclusion to the settlement administrator twenty-three days after the deadline had passed. An additional month and a half later, six days before the final settlement approval hearing, Abbott filed the instant motion seeking relief from the November 13, 2017 deadline. If Abbott were permitted to opt out, the total number of exclusions would be seven out of 2,083 eligible class members. That number falls far below the 2.5% of exclusions required to trigger Defendants' right to rescind the Settlement Agreement. (Doc. No. 73 ¶ 42.) In that respect, Abbott's exclusion would not affect the class settlement. However, other factors weigh against a finding of excusable neglect.

The reason Abbott gives for his delay is a severe motor vehicle accident he was involved in on November 30, 2016, nearly a year before the opt-out deadline. (Declaration of James Shannon Abbott ("Abbott Decl.") ¶ 2.) The accident left Abbott with "serious and disabling injuries" that limit his reading, and thus his wife handles their mail. (Id. ¶¶ 2, 7.) It was not until an attorney representing him in a Tennessee case informed him about this action that Abbott went through his mail, located, and read the notice letter in early December. Abbott then submitted notice of his request to opt out.

However, Defendants note that "there is no evidence that Mr. Abbott was impaired or prevented from responding" during the notice period from September 13, 2017, to November 13, 2017. (Doc. No. 88 at 3 (emphasis in original).) Other than a reference to being "bombarded" with solicitation letters from attorneys relating to his accident, Abbott provides no reason for why he or his wife did not see and act on the notice letter from this

action. Throughout 2017, Abbott remained an active employee of Wyndham, working 223 days during the year, including thirty-three days during the notice period. (Doc. No. 88-1 ¶ 2.) Abbott himself informed the court that by June 29, 2017, he had already earned $282,266.00 for the first half of 2017. (Abbott Decl. ¶ 10.) Moreover, during the notice period, Abbott gave a deposition and testified at trial in a collective action against Wyndham pending in the United States District Court for the Eastern District of Tennessee, Case No. 3:13-cv-00641-HSM-CCS ("Pierce Litigation").[1] Abbott's ability to work at Wyndham and participate in the Pierce Litigation throughout the notice period belies his claim for excusable neglect.

Despite Abbott's condition after his November 2016 accident, it appears that the reason for the delay was entirely "within the reasonable control of the movant." See Pioneer Inv. Servs. Co., 507 U.S. at 395. There is no allegation that the notice letter arrived after the deadline passed. Once he looked through his mail, Abbott found the notice letter. His or his wife's failure to do so earlier does not rise to the level of excusable neglect. Thus, while there is no evidence that Abbott's request was not brought in good faith, he has failed to demonstrate excusable neglect. Accordingly, the court denies his motion.

## CONCLUSION

For the foregoing reasons, the court denies Abbott's motion to opt out.

IT IS SO ORDERED.

DATED: January 31, 2018

JEFFREY T. MILLER
United States District Judge

---

[1] Pursuant to Federal Rule of Evidence 201, the court grants Defendants' request for judicial notice of the excerpts of Abbott's deposition and trial testimony in the Pierce Litigation. (Doc. No. 89.)